United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPDATEME INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>AXEL SPRINGER SE, et al.,<br><br>    Defendants. | Case No. 17-cv-05054-SI<br><br>**ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE**<br><br>Re: Dkt. No. 53 |

Plaintiff moves to serve a foreign defendant, upday GmbH & Co. KG, through its U.S. counsel pursuant to Federal Rule of Civil Procedure 4(f)(3). The Court held a hearing on January 5, 2018. After considering the parties' arguments and materials, the Court GRANTS the motion for alternative service.

**BACKGROUND**

In August 2017, plaintiff Updateme Inc. filed this action for federal trademark infringement, as well as several state law claims, against four defendants: (1) Axel Springer SE, (2) Axel Springer Services, Inc., (3) Axel Springer Digital Ventures GmbH ("ASDV"), and (4) upday GmbH & Co. KG ("Upday"). Complaint (Dkt. No. 1); *see also* First Amended Compl. ("FAC") (Dkt. No. 51). Upday is a German corporation with its principal place of business in Berlin, Germany. Declaration of Thomas Hirsch (Dkt. No. 64-8) ¶ 2. According to its Chief Financial Officer and Chief Operations Officer, Upday "does not have any offices, officers, employees or other presence in the United States." *Id.* ¶ 3. On the other hand, plaintiff asserts that all four defendants are alter egos, file one tax return together, have the same counsel, and act as a single enterprise. FAC ¶¶ 10-14, Mot. for Alternative Service (Dkt. No. 53-1).

Before filing this action, plaintiff's counsel sent a letter with a draft complaint to defendants and their counsel. Declaration of Roman Mallmann (Dkt. No. 17), Ex. H. In August 2017, Timothy Harkness of Freshfields Bruckhaus Deringer LLP called plaintiff's counsel and "introduced himself as counsel for the defendants in this litigation." Declaration of Guy Ruttenberg (Dkt. No. 53-3) ¶ 2. Counsel discussed the possibility of Mr. Harkness accepting service on behalf of the defendants. *Id.*; Declaration of Timothy Harkness (Dkt. No. 64-1) ¶ 2. After Axel Springer SE and Axel Springer Services Inc. had been served (Dkt. No. 9), plaintiff's counsel asked Mr. Harkness if he could accept service on behalf of ASDV and Upday, but Mr. Harkness responded that he was "not authorized to accept service" on behalf of either defendant. Harkness Decl. ¶¶ 2-4, Ex. A. ASDV was subsequently served. Dkt. No. 22.

On November 3, 2017, plaintiff's counsel and Mr. Harkness met and conferred pursuant to Federal Rule of Civil Procedure 26(f). Ruttenberg Decl. ¶ 3, Harkness Decl. ¶ 6. Mr. Harkness stated that Upday would not waive formal service of process. *Id.* Plaintiff has not attempted to initiate service on Upday through the Hague Convention. However, plaintiff's co-founder and CEO Michael Hirschbrich declares that he has spoken about this litigation with two members of Upday: (1) Jan-Eric Peters, the Deputy CEO, Chief Product Officer, and Editor-in-chief of Upday; and (2) Benjamin Brandt, the Head of Content Integration at Upday. *See* Declaration of Michael Hirschbrich (Dkt. No. 53-2) ¶¶ 1-3.

Plaintiff now moves to serve Upday by email through its U.S. counsel Mr. Harkness pursuant to Federal Rule of Civil Procedure 4(f)(3). By "special appearance," Upday filed an opposition to the motion seeking alternative service.[1] Opposition (Dkt. No. 64).

## DISCUSSION

Rule 4(f) governing service of a summons on an individual in a foreign country, provides:

---

[1] The parties dispute whether Upday's "special appearance" constitutes a waiver of service. Because the Court finds that alternative service is appropriate, it need not reach this question.

> Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention[2] . . . ;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice: . . . or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).[3]

The Ninth Circuit has found that Rule 4(f) provides three independent and equally permissible grounds for serving foreign defendants. *See Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "Rule 4(f)(3) is merely one means among several which enables service of process on an international defendant." *Id.* Rule 4(f) should not be read to create a hierarchy where Rule 4(f)(3) is seen as either as last resort or extraordinary relief. *Id.* at 1015. Service under Rule 4(f)(3) must be: "(1) directed by the Court and (2) not prohibited by international agreement such as the Hague Convention." *Cheetah Mobile, Inc. v. APUS Grp.*, No. 15-CV-02363-HSG, 2016 WL 4036098, at *3 (N.D. Cal. July 28, 2016) (citing *Rio Props.*, 284 F.3d at 1014). In addition, the method of service authorized by the Court must "comport with constitutional notions of due process." *Rio Props.*, 284 F.3d at 1016. Whether to authorize service under Rule 4(f)(3) is left to the "sound discretion" of the trial court, when it determines that the "particularities and necessities of a given case" require alternative service. *Id.*

The parties dispute whether service on Upday through Mr. Harkness contravenes the Hague Convention. The United States and Germany are parties to the Hague Convention. Germany, however, has filed an objection under Article 10 of the Hague Convention, prohibiting service by mail or through judicial officers.[4] *See Agha v. Jacobs*, No. C 07-1800 RS, 2008 WL

---

[2] *See* Hague Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or commercial Matters, 20 U.S.T. 361, T.I.A.S. 6638 (1969) ("Hague Convention").

[3] Federal Rule of Civil Procedure 4(h)(2) authorizes service of process on a foreign business entity in any manner prescribed by Rule 4(f) for individuals.

[4] Article 10 provides: "Provided the State of destination does not object, the present Convention shall not interfere with – a) the freedom to send judicial documents, by postal

2051061, at *1 (N.D. Cal. May 13, 2008); *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 437 (S.D.N.Y. 2009). Instead, to serve a German defendant under the Hague Convention, service should proceed through Germany's Central Authority.

Noting Germany's objection, Upday argues that the only way a German defendant can be served is through the Hague Convention. Not so. "Although Germany has expressly forbidden service by judicial agent, by mail, or by diplomat . . . it has not expressly forbidden numerous other potential avenues to insure that a defendant is aware of the allegations against it." *In re S. African Apartheid Litig.*, 643 F. Supp. 2d at 437. Further, the U.S. Supreme Court has upheld service on a German defendant through its U.S.-based subsidiary. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 696, 707 (1988) (noting that "[t]he only transmittal to which the Convention applies is a transmittal abroad that is required as a necessary part of service").

Moreover, "numerous courts have authorized alternative service under Rule 4(f)(3) even where the Hague Convention applies. This is true even in cases involving countries that . . . have objected to the alternative forms of service permitted under Article 10 of the Hague Convention." *Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-CV-02460-LHK, 2011 WL 2607158, at *12 (N.D. Cal. July 1, 2011) (collecting cases). "Service upon a foreign defendant's United States-based counsel is a common form of service ordered under Rule 4(f)(3)" and "[n]othing in the Hague Convention prohibits such service." *Id.* at *13.

The Court finds that the "particularities and necessities" of this case warrant the requested method of alternative service. The parties that have appeared are already engaged in discovery, are starting on a second round of motions to dismiss, and have an upcoming settlement conference. Additionally, Upday and the already-served defendants share counsel and, according to plaintiff, are related entities. The Court also finds that service on Upday through its U.S.

---

channels, directly to persons abroad, b) the freedom of judicial officers, officials or other competent persons of the State of origin to effect the service of judicial documents directly through the judicial officers, officials, or other competent persons of the State of destination, c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."

4

counsel comports with due process and is "reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Props.*, 284 F.3d at 1016-17 (internal citation and quotation marks omitted). It appears that Upday has been in communication with its U.S. counsel, and that service on its U.S. counsel will provide the requisite notice of the pending action and an opportunity for Upday to respond. Lastly, although Upday contends that a German court will not enforce a judgment in this case if Upday was not properly served, the Court raised this issue with plaintiff at the hearing. Plaintiff disputes this argument, and still prefers to proceed through alternative service. Overall, these factors warrant authorization of service on Upday's U.S.-based counsel under Rule 4(f)(3).

## CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for alternative service.

**IT IS SO ORDERED**.

Dated: January 5, 2018

_____
SUSAN ILLSTON
United States District Judge