UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UPDATEME INC., <br> Plaintiff, <br> v. <br> AXEL SPRINGER SE, et al., <br> Defendants. | Case No. 17-cv-05054-SI <br><br> **ORDER DENYING WITHOUT PREJUDICE MOTION TO SEAL** <br> Re: Dkt. No. 90 |

On February 12, 2018, plaintiff filed an administrative motion to file under seal portions of its opposition to defendant's motion to dismiss. Dkt. 90. In the administrative motion to seal and accompanying declaration of Steve Papazian, plaintiff states that it moves to seal portions of the opposition because it contains information that has been designated by defendant as "Highly Confidential — Attorneys' Eyes Only." Dkt. 90-1.

Under Civil Local Rule 79-5(e), where "the Submitting Party is seeking to file under seal a document designated as confidential by the opposing party or a non-party pursuant to a protective order . . . [,] [w]ithin 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Defendant has not filed such a declaration. In addition, the declaration of Steve Papazian alone does not comply with Civil Local Rule 79-5(d)(1)(A), as that rule provides that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable."

Accordingly, the Court DENIES plaintiff's motion to seal. This denial is without prejudice to a party filing the declaration required by Civil Local Rule 79-5(d)(1)(A) within seven days from the date this order is filed.

**IT IS SO ORDERED**.

Dated: February 27, 2018

_____
SUSAN ILLSTON
United States District Judge