UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| UPDATEME INC., | Case No. 17-cv-05054-SI (LB) |
| Plaintiff, | |
| v. | **ORDER ADDRESSING DISCOVERY LETTER BRIEFS** |
| AXEL SPRINGER SE, et al., | Re: ECF No. 147, 148 |
| Defendants. | |

Plaintiff Updateme, Inc. and third-party Flipboard, Inc. raise a discovery dispute regarding Updateme's subpoena to Flipboard.[1]

Updateme requests that Flipboard produce its written agreements with Samsung. Updateme, the creator of a news-aggregator cell-phone app, claims that the defendants — Axel Springer SE, Axel Springer Services, Inc., Axel Springer Digital Ventures GmbH, and Upday GmbH & Co. KG — allegedly "stole' Updateme's platform and released a copycat app, which is preinstalled on Samsung phones.[2] Updateme states that the defendants contend that Flipboard, a separate news

---

[1] Pl. Letter Br. – ECF No. 147; Flipboard Letter Br. – ECF No. 148. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. The defendants take no position on the dispute between Updateme and Flipboard. Pl. Letter Br. – ECF No. 147 at 1.

[2] *Id.* at 2.

ORDER – No. 17-cv-05054-SI (LB)

app, has an agreement to have its app installed on Samsung phones and that the Flipboard/Samsung arrangement would have precluded Updateme from having its app preinstalled on Samsung phones and thereby limits Updateme's potential damages.[3] Updateme seeks production of the written agreements between Flipboard and Samsung to assess whether the Flipboard/Samsung arrangement would in fact be an obstacle to having either Updateme's or the defendants' apps installed on Samsung phones.[4]

Updateme represents that Flipboard refused to participate in the joint-letter-brief process set out in the undersigned's standing order.[5] It also represents that it met and conferred by telephone with Flipboard several weeks ago but that, since then, Flipboard refused to further meet and confer.[6] Updateme represents that it thus was forced to file an individual letter brief.[7]

Shortly after Updateme filed its letter brief, Flipboard filed a responsive letter brief. Flipboard represents that Updateme had sent its portion of the letter brief to Flipboard on Wednesday, September 12, 2018, at 7:41 p.m. and demanded that Flipboard send its portion back to Updateme by 4:00 p.m. the next day.[8] Flipboard responded that it could not meet this deadline but said it would provide its response by Monday, September 17, 2018.[9] Flipboard represents that it was preparing to send over its portion of a joint letter brief that day but that Updateme unilaterally filed its letter brief before Flipboard sent over its portion.[10]

On the substance of the arguments, Flipboard represents that its agreement with Samsung is 39 pages long, sets forth in detail a wide-ranging partnership between the companies, and includes (1) detailed trade-secret information regarding the technological capabilities and specifications of

---

[3] *Id.*

[4] *Id.*

[5] *Id.* at 1, 3.

[6] *Id.*

[7] *Id.* at 3.

[8] Flipboard Letter Br. – ECF No. 148 at 1.

[9] *Id.*

[10] *Id.*

the Flipboard service, (2) short- and long-term strategic plans for Flipboard and Samsung, and (3) confidential business terms of the parties' relationship.[11] Flipboard argues that Updateme's request is overly burdensome on it as a third party and that the production of the agreement could have severe consequences for its relationship with Samsung, both its and Samsung's relationship with other partners, and their respective competitive advantages.[12]

The parties have apparently discussed whether, in lieu of producing the Flipboard/Samsung agreement, Flipboard could provide a declaration regarding whether there are provisions in the Flipboard/Samsung relationship that would preclude or interfere with either Updateme's or the defendants' apps being preinstalled on Samsung phones.[13] The parties dispute which side has failed to adequately meet and confer or why they have not been able to reach a compromise.[14]

The undersigned offers the following guidance and direction.

First, in case there is any doubt or confusion about the preferred method for raising disputes that arise in third-party discovery, the court's process is to have a joint letter brief for all discovery disputes, including third-party discovery disputes.[15] The meet-and-confer and joint-letter-brief processes is meant to encourage parties to (1) talk with each other, see each other's positions, try to find areas of compromise, and work out disputes amongst themselves, and (2) narrow, sharpen, and focus the issues they cannot resolve before they present those issues to the court. *See Synopsys, Inc. v. Ubiquiti Networks, Inc.*, No. 17-cv-00561-WHO (LB), 2018 WL 2294281, at *1 (N.D. Cal. May 21, 2018).

It appears that the parties have not recently met and conferred in person or over the phone, as opposed to over email.[16] The undersigned believes that parties have a better chance of working out

---

[11] *Id.* at 2.

[12] *Id.*

[13] Pl. Letter Br. – ECF No. 147 at 2; Flipboard Letter Br. – ECF No. 148 at 2–3.

[14] *See* Pl. Letter Br. – ECF No. 147 at 3; Flipboard Letter Br. – ECF No. 148 at 2–3.

[15] For clarification, for the purposes of third-party subpoenas and discovery disputes, the undersigned's standing order's instructions to "parties" is meant to refer to the parties involved in a third-party discovery dispute (even if they are not formal parties to the underlying litigation).

[16] *See* Pl. Letter Br. – ECF No. 147 at 3.

ORDER – No. 17-cv-05054-SI (LB)   3

their disputes if they engage in a live discussion (in person if possible, but at least by telephone if not). The undersigned directs the parties to meet and confer in person or by phone for no less than one hour regarding their dispute. Among other things, the parties may wish to discuss whether Flipboard and Samsung do or do not in fact have an exclusivity agreement or arrangement, which appears to be the main question to be answered (the rest of the parties' dispute appears to just be about the form that answer will take). The parties may also wish to discuss whether a declaration from Flipboard would serve Updateme's purposes and, also, whether other compromises might be acceptable (e.g., producing a redacted version of the Flipboard/Samsung agreement) — and, if any given compromise is unworkable, discuss the specific reasons why it would not work. If the parties are unable to resolve their dispute, they may submit a joint letter brief in conformance with the undersigned's standing order. To account for the fact that Updateme's counsel is currently in London on depositions, the undersigned gives the parties two weeks, i.e., until October 2, 2018, to meet and confer and to submit any further joint letter brief.

**IT IS SO ORDERED.**

Dated: September 18, 2018

_____
LAUREL BEELER
United States Magistrate Judge