UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| UPDATEME INC., | Case No. 17-cv-05054-SI (LB) |
|---|---|
| Plaintiff, | |
| v. | **ORDER ADJUDICATING DISCOVERY DISPUTE BETWEEN PLAINTIFF UPDATEME, INC. AND THIRD-PARTY FLIPBOARD, INC.** |
| AXEL SPRINGER SE, et al., | |
| Defendants. | Re: ECF No. 152 |

**INTRODUCTION**

Plaintiff Updateme, Inc. and third-party Flipboard, Inc. have filed a new joint letter brief regarding their ongoing discovery disputes.[1]

Updateme, the creator of a news-aggregator cell-phone app, claims that the defendants — Axel Springer SE, Axel Springer Services, Inc., Axel Springer Digital Ventures GmbH, and Upday GmbH & Co. KG — allegedly "stole' Updateme's platform and released a copycat app, which is preinstalled on Samsung phones.[2] Updateme states that the defendants contend that Flipboard, a separate news app, has an agreement to have its app installed on Samsung phones and that the

---

[1] Joint Letter Br. – ECF No. 152. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents. The defendants take no position on the dispute between Updateme and Flipboard. *Id.* at 1.

[2] Pl. Letter Br. – ECF No. 147 at 2.

ORDER – No. 17-cv-05054-SI (LB)

Flipboard/Samsung arrangement would have precluded Updateme from having its app preinstalled on Samsung phones and thereby limits Updateme's potential damages.[3] Updateme seeks production of the written agreements between Flipboard and Samsung to assess whether the Flipboard/Samsung arrangement would in fact be an obstacle to having either Updateme's or the defendants' apps installed on Samsung phones.[4] Updateme and Flipboard have met and conferred regarding Updateme's request.

Updateme's proposed compromise is for Flipboard to produce (1) the full written agreement between Flipboard and Samsung and (2) a knowledgeable witness to sit for a two-hour deposition.[5] Updateme states that "[i]f Flipboard wants to redact one or two key provisions, Updateme might consider that" but states that a "highly redacted Agreement is [] insufficient, as there will be provisions throughout the document affecting the relevant exclusivity issues."[6]

Flipboard's proposed compromise is to provide a sworn declaration containing information about the contents of provisions in its agreement with Samsung that bear on the exclusivity of their arrangement.[7] (Flipboard represents that it has previously provided this information informally to Updateme.[8]) Alternatively, with Samsung's consent, Flipboard states that it will provide a redacted version of its agreement that shows any provisions relevant to Updateme's question.[9]

The court can decide this dispute without a hearing. N.D. Cal. Civ. L.R. 7-1(b). The court adopts Flipboard's proposed compromise, as modified below.

---

[3] *Id.*

[4] *Id.*

[5] Joint Letter Br. – ECF No. 152 at 1.

[6] *Id.* at 2.

[7] *Id.* at 5.

[8] *Id.*

[9] *Id.*

# ANALYSIS

The court begins by noting that Flipboard is a non-party to this lawsuit. "Non-parties may occasionally have to testify and give evidence for and against litigants, but non-parties should not be burdened in discovery to the same extent as the litigants themselves. Requests to non-parties should be narrowly drawn to meet specific needs for information." *Convolve, Inc. v. Dell, Inc.*, No. C 10-80071-WHA, 2011 WL 1766486, at *2 (N.D. Cal. May 9, 2011) (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993)); *accord Beinin v. Ctr. for the Study of Popular Culture*, No. C 06-2298 JW (RS), 2007 WL 832962, at *2 (N.D. Cal. Mar. 16, 2007) ("A court keeps this distinction between a party and nonparty in mind when it determines the propriety of a nonparty's refusal to comply with a subpoena by balancing 'the relevance of the discovery sought, the requesting party's need, and the potential hardship to the party subject to the subpoena.'") (quoting *Gonzales v. Google*, 234 F.R.D. 674, 680 (N.D. Cal. 2006)). Additionally, Updateme and Flipboard — which are both creators of news apps that they have preinstalled, or hope to have preinstalled, on Samsung phones — are direct competitors operating in the same industry, which is a consideration to be taken into account in assessing Updateme's request and the parties' positions. *Cf. Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939-WHA(JSC), 2017 WL 2929439, at *3 (N.D. Cal. July 7, 2017) (finding it significant that discovery dispute "involve[d] a Rule 45 subpoena between direct competitors operating in the same industry" in determining whether to quash request); *In re Worlds of Wonder Sec. Litig.*, 147 F.R.D. 214, 216 (N.D. Cal. 1992) (denying motion to compel discovery from litigating party where party's confidential trade secrets would be disclosed to its competitors, who were serving as expert witnesses).[10]

---

[10] Updateme's cases, which involve party (not nonparty) discovery and do not involve confidential business information being disclosed to direct competitors, are inapposite. *Cf. Boulton v. U.S. Tax Lien Ass'n, LLC*, No. 2:15-cv-2384 MCE AC, 2018 WL 3455426 (E.D. Cal. July 18, 2018) (party discovery between investors and corporate defendant in investment-fraud case); *Live Nation Merchandise, Inc. v. Miller*, No. 13-cv-03936 CW (NC), 2014 WL 1877912 (N.D. Cal. May 9, 2014) (party discovery between individuals and credit-reporting agency); *Trevino v. ACB Am., Inc.*, 232 F.R.D. 612 (N.D. Cal. 2006) (party discovery between debtors and debt-collection agency).

In light of these considerations, the court finds Flipboard's proposed compromise, as modified below, to be reasonable. Flipboard is ordered to use all reasonable efforts to obtain Samsung's consent and, if and when it obtains that consent, to produce a redacted version of its agreement. If it is unable to obtain consent within one week, it is additionally ordered to provide a sworn declaration about the exclusivity of its arrangement with Samsung.

Updateme's request for a deposition is denied. Updateme apparently has not issued a deposition subpoena to Flipboard,[11] and it cites no authorities for the proposition that it can compel a non-party to sit for a deposition simply by raising the prospect of a deposition at a meet and confer. *Cf. Loop AI Labs Inc. v. Gatti*, No. 15-cv-00798-HSG (DMR), 2016 WL 3141755, at *2 (N.D. Cal. June 6, 2016) ("Rule 30(b)(1), which permits depositions by notice, does not apply to non-parties to a lawsuit. Therefore, to command [non-party]'s attendance for a deposition, Plaintiff was required to issue a subpoena to [non-party] and to serve him in accordance with Rule 45(b).").

## CONCLUSION

The court adopts Flipboard's proposed compromise, as modified above.

**IT IS SO ORDERED.**

Dated: October 11, 2018

LAUREL BEELER
United States Magistrate Judge

---

[11] *See* Joint Letter Br. – ECF No. 152 at 4–5.